Mr. Justice Hagner
delivered the opinion of the Court:
Motions to dismiss the appeals are made in these cases. The facts, in brief, are as follows: On the 1st of May, 1889, the jury rendered a large verdict in each case for the plaintiff. On the 3d of May (within the four days limited by the rule) the defendant’s counsel made the motion for a new trial which is the subject of the present controversy. On the 8th of the month supersedeas bonds were filed, which were indorsed as satisfactory by the plaintiff’s counsel and affirmed by the court. On the 11th the court passed the order extending and prolonging the term for the purpose of settling exceptions in cases tried at the term, where the bills had not been settled. On the 20th of June, the defendant’s counsel gave notice to the counsel of the plaintiff that the bills of exceptions would be presented to the presiding justice on the 25th of that month. On that day the plaintiff’s counsel appeared and interposed objections in writing, on various grounds, to the settling of the exceptions. After argument these objections were overruled, and the bills were finally settled and signed on the 15th of July.
The reasons assigned, and earnestly pressed in support of the motion to dismiss the appeal, attack the regularity and efficacy of every step we have alluded to from the first notice of the motion for a new trial.
1. This motion of the defendant’s counsel, made in open court on the second day after the verdict, is in these words: “ Now come the defendants and move the court to set aside the verdict and grant a new trial on exceptions.”
*440 It is insisted by the plaintiffs that this must have been designed at the time and can only be understood as a motion under section 804 of our Revised Statutes, and hence it cannot now be regarded as such an appeal to the General Term as will authorize us to examine the rulings below,-as presented by the bill of exceptions contained in the record.
The provisions of the Revised Statutes District of Columbia upon the subject of motions for new trials, are:
Sec. 803. “If upon the trial of a cause an exception be taken, it may be reduced to writing at the time, or it may be entered on the minutes of the justice, and afterwards settled in such manner as may be provided by the rules of the court, and then stated in writing in a case or bill of exceptions, with so much of the evidence as may be material to the question to be raised, but such case or bill of exceptions need not be sealed or signed.
Sec. 804. “The justice who tries the cause may, in his discretion, entertain a motion, to be made on his minutes, to set aside a verdict and grant a new trial upon exceptions, or for insufficient evidence, or for excessive damages, but such motion shall be heard at the same term at which the trial was had.”
Sec. 805. '“ When such motion is made and heard upon the minutes, an appeal to the General Term may be taken from the decision, in which case a bill of exceptions or case shall be settled in the usual manner.”
Sec. 806. “A motion for a new trial on a case or bill of exceptions, and an application for judgment on a special verdict or a verdict taken subject to the opinion of the court shall be heard in the first instance at a General Term.”
The defendant’s counsel insist their motion was intended to be made under section 806, and not under 804 and 805. They admit the language of the motion is imperfect and incorrect, because of the omission of the words “bill of;” but they insist this was a mere clerical error which should not affect the efficacy of the motion.
*441 The motion cannot be considered as strictly following the method indicated by either-of the sections referred to.
If the defendant had intended to present a motion literally complying with the requirements of section 804, and rule 54, applicable thereto, he would have explicitly asked the justice who tried the cause to entertain a motion to be made on his minutes to set aside the verdict and grant a new trial “ upon exceptions,” &c. The actual motion seems to differ more in language from that thus indicated than it does from the literal requirements of section 806.
We must look to the surrounding circumstances of the transaction for guidance as to the purpose of the motion.
If the defendant had been proceeding under section 804, and the justice had decided to “entertain the motion,” it would have been the duty of counsel on both sides to submit or argue it before the justice; and if it had been overruled the defendant could then appeal ■from that decision to the General Term.
But no such steps were taken here as are required under sections 804 and 805; and the omission to pursue those methods of obtaining the benefits of these sections tend to show that they were not in the contemplation of the defendant.
On the other hand, if the purpose was to proceed under section 806, all was done by the defendants, after the imperfect motion was made in open court, that was required to obtain the benefit of that section.
On the 8th of May supersedeas bonds were filed by the counsel for the defendants, and after being submitted to the counsel for the plaintiffs, who pronounced the sureties satisfactory, they were approved by the justice. Now, if the defendants had been proceeding under section 804 no supersedeas bond would have been presented at that stage, for no such bond is necessary while the trial justice is hearing.a motion for a new trial on exceptions noted on his minutes, *442 since no execution could issue while the motion was pending. But the counsel for the defendants took the trouble, before this supersedeas bond was submitted to the court, to secure from the counsel for the plaintiffs his approval of the sureties. It may be said the plaintiffs’ counsel was not obliged to set his opponent right, if he then thought he was doing a futile thing in giving a bond where none was needed. But still his conduct in certifying to the sufficiency of the bond looked as if he was acting at that time in accordance with what the defendants now insist was their object in filing the motion ; we do not say it is conclusive of the question, but we think it is persuasive to us of the understanding of those interested in the matter at that time, and especially of the understanding of the justice when he approved the bond.
That the defendants’ counsel intended to take efficient steps to procure a review of the rulings of the lower court cannot be doubted; that his motion was carelessly worded is equally clear. But in the light of the surrounding circumstances we entertain no doubt as to the particular form of review he wished to avail himself of. If the motion had been framed in faulty grammar or incorrectly spelled, it would not have been rejected as insufficient so long as it was not insensible; and we cannot consider that the omission of the two words, “ bills of,” invalidates the motion of the 3d of May.
2. It is next said that the motion is invalid, because it does not comply with rule 58, which requires that all motions for a new trial shall particularly enumerate the grounds upon which the motion was made, in separate paragraphs, &c.
The preceding rule contains a form of the motion there under discussion, which is that to be made to “the justice who tried the cause.” Such an enumeration is requisite under section 804; but not under section 806, there the object is to procure a review of all the rulings already enumerated in the exceptions.
*443 3. The next point made is that we cannot entertain this appeal because the bill of exceptions was submitted to and signed by the judge after the expiration of the term; and it is said, first, that there is no authority in the court to extend the term for any such purpose. We have a rule, No. 62, explicitly saying that it can be done, and that rule is one that is certainly within the power of the court to make. Section 770, of the Revised Statutes, provides that “ the Supreme Court, in General Term, shall adopt such rules as it may think proper, to regulate the time and manner of making appeals from the Special Term to the General Term, and may prescribe the terms and conditions upon which such appeals may be made, and may also establish such other rules as it may deem necessary for regulating the practice of the court, and from time to time revise and alter such rules.” This is ample power for making rule 62. The courts would be in a very bad predicament unless there was some such power lodged in them, for it not unfrequently happens — it is almost always the case — that most important causes are tried at the end of the term, the -bills of exception in which cannot be settled during the progress of the trial, which for weeks drags itself along until the end of the term. It would often be impossible to settle the bills of exceptions in such a state of case, and if the court was without authority to pass such a rule, parties would be deprived of all means of presenting their cases to the appellate court for review, unless the court should discontinue the trials for a considerable time before the end of the term, which would involve the loss of much valuable time at the close of each term.
4. On the last day of the term the presiding justice passed the order before referred to, which was entered on the minutes by the clerk in these words: “The court orders the term of the court extended and prolonged to settle bills of exceptions and cases.”
It is contended by the defendants that this order is not justified by the rule referred to, which is as follows:
Rule 62. The bill of exceptions must be settled before *444 the close of the term, which may be prolonged by adjournment in order to prepare it.
First. Because the order authorized an indefinite extension of the term, whereas the rule speaks of an adjournment, which it is insisted necessarily implies prolongation to a definite day. The derivation of the word is appealed to as supporting the contention, and that in parliamentary bodies every adjournment must either be to a day certain, or sine die, and that an indefinite adjournment, as in this case, necessarily implies a final adjournment.
Although it would evidently be advisable to limit the time within which the bills of exceptions should be presented, we do not consider the omission to do so in this instance as having the effect insisted on. The final closing of the term was a matter wholly within the power of the court at any time, when the justice should be of the ojiinion that a sufficient indulgence had been extended for the purpose of presenting the bills of exceptions. Such orders have been on other occasions recorded in this form by the clerk.
Second. It is said to be unauthorized, because it does not specify the cases which were designed to be included in the order.
We do not think' this objection can be sustained. The order was broad enough to include the present cases, and that others could have been embraced within its general language could not deprive these parties of their rights. We repeat the remark, that it would be decidedly preferable that there should be an enumeration of the cases left open entitled to claim the benefit of the order.
5. Then it is next said the justice had no right to pass the order without notice -to the plaintiffs; but they had the notice that was given to the whole world when this entry was made on the minutes of the court, and that was all the-notice required.
6. Then, had the justice the right to sign the exceptions. *445 when they were presented to him ? No complaint can he made on the ground of lack of notice, as the defendants gave notice, and the plaintiffs were present according to the notice, and contested the right of the court to settle the bill of exceptions. We think the justice had that right, and that the exceptions are properly before us on appeal.
All appellate courts are aware that appeals are increasing in undue proportion to the general increase of legal business. This undue increase is a grievance and a reproach to the judicial system. The facility of presenting appeals encourages their prosecution where delay may be the main purpose, to the serious injury of deserving suitors. The appellate courts should do nothing to encourage this, although they may be powerless to prevent it, and it is their duty to refuse to entertain appeals where they present themselves in contravention to law or explicit rules.
But when we can see that a suitor has made an honest effort to exercise his legal right of appeal, and has contravened no absolute rule, but has erred only in not complying with some technical formality, we think it is our duty to overrule such a defect and entertain the appeal.
The motions are overruled.